# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, | 1:11-cv-01500-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| MICHAEL L. BENOV, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on September 7, 2011. Petitioner contends that prison officials at the Taft Correctional Institution have illegally opened his legal mail from his attorney.

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of

1

1  that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.
2  Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is
3  necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999).
4  In other words, if a successful conditions of confinement challenge would not necessarily shorten
5  the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544
6  U.S. 74 (2005).  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau
7  of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights
8  by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions
9  of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action
10 rather than a habeas corpus petition).

11      In the instant petition, Petitioner's challenge that prison officials have improperly opened
12 his legal mail in violation of his right to communicate with his attorney in private does not
13 impact the fact or duration of Petitioner's sentence, and does not give rise to a claim for which
14 habeas relief can be granted.  Accordingly, this Court does not have subject matter to review the
15 instant challenge under section 2241, and the petition must be dismissed.

16                                           RECOMMENDATION

17      Based on the foregoing, it is HEREBY RECOMMENDED that:

18  1.   The instant petition for writ of habeas corpus be DISMISSED for lack of subject
19       matter jurisdiction; and

20  2.   The Clerk of Court be directed to terminate this action in its entirety.

21      IT IS SO ORDERED.

22  Dated:   September 19, 2011              /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE